## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUISITO BARBA and JOEL BARBA, ) | CIVIL DIVISION |
| ) | 2:20-cv-01557 |
| Plaintiffs, ) | |
| ) | |
| ) | JURY TRIAL DEMANDED |
| ) | |
| v. ) | |
| ) | |
| ) | |
| NEW CENTURY CHINESE BUFFET, ) | |
| INC., A NEW CENTURY CHINESE ) | |
| RESTAURANT, INC., XIU LAN XIAO, ) | |
| FRANK ZHENG, and BI QUAN YOU, ) | |
| jointly and severally, ) | **DEFENDANTS' ANSWER** |
| ) | **AND AFFIRMATIVE** |
| Defendants ) | **DEFENSES TO** |
| ) | **PLAINTIFFS' FIRST** |
| ) | **AMENDED COMPLAINT** |
| ) | |
| ) | Filed on behalf of: |
| ) | Defendants New Century |
| ) | Chinese Buffet, Inc., A New |
| ) | Century Chinese Restaurant, |
| ) | Inc., Xiu Lan Xiao, and |
| ) | Frank Zheng |
| ) | |
| ) | Counsel of Record for this |
| ) | Party: |
| ) | |
| ) | Joseph R. Bock, Esq. |
| ) | PA I.D. #35729 |
| ) | 1547 Alaqua Drive |
| ) | Sewickley, PA 15143 |
| ) | (724) 934-9300 |
| ) | josephrbock@gmail.com |
| ) | |
| ) | |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUISITO BARBA and JOEL BARBA, | ) | CIVIL DIVISION |
| | ) | 2:20-cv-01557 |
| Plaintiffs, | ) | |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| NEW CENTURY CHINESE BUFFET, INC., A NEW CENTURY CHINESE RESTAURANT, INC., XIU LAN XIAO, FRANK ZHENG, and BI QUAN YOU, jointly and severally, | ) ) ) ) ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

NOW COME Defendants New Century Chinese Buffet, Inc., A New Century Chinese Restaurant, Inc., Xiu Lan Xiao, and Frank Zheng, by and through their attorney, Joseph R. Bock, Esq., and pursuant to Federal Rule of Civil Procedure 7, files the following Defendants' Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, of which the following is a statement:

**PARTIES**

1-2.    Defendants lack knowledge or information sufficient to form a belief as to the matters asserted in paragraphs #1-2.

1

3. Defendants admit that New Century Chinese Buffet, Inc. (hereinafter "New Century Buffet"), was a Pennsylvania corporation with its principal place of business located at 115 Wagner Road, Suite 1, Monaca, PA 15601. By way of further response, New Century Buffet, is no longer operating, as the venture was reorganized as A New Century Chinese Restaurant, Inc. (hereinafter "A New Century Restaurant") on November 5, 2008.

4. Denied as stated. Defendant Frank Zheng (hereinafter "Defendant Zheng") was an officer of New Century Buffet, however that entity is no longer operating.

5. Denied as stated. Defendant Bi Quan You was the Vice President of New Century Buffet, however that entity is no longer operating, and he has not been involved in any manner with the current venture since its reorganization in 2008. By way of further response, Bi Quan You is no longer associated with or in communication with the restaurant, he is not represented by undersigned counsel, and he has not been effectively served.

6. Denied as stated. By way of further response, New Century Buffet is no longer operating, and A New Century Restaurant does not "own and operate" New Century Buffet.

7. Admitted.

8. Denied. By way of further response, the averments of paragraphs #3-6 of Defendants' Answer are incorporated herein.

## JURISDICTION AND VENUE

9-11. The averments of paragraphs #9-11 constitute conclusions of law to which no response is required.

## PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

### A. PLAINTIFF LUSITO BARBA

12. Admitted with the qualification that Plaintiff became an employee of A New Century Restaurant in March, 2016 as Head Kitchen Chef.

13. Admitted.

14-16. Admitted with the following qualifications. Luisito Barba was a salaried employee at a salary of $36,000.00/year plus the value of food and lodging provided for him by A New Century Restaurant. He was interviewed by Defendant Zheng, and advised that as a management employee, he would be expected to work up to 12 hours/day with a one (1) hour break, six (6) days a week. Plaintiff accepted employment upon those terms, and was hired in March, 2016.

17. Denied.

18. Denied.

19. It is admitted that A New Century Restaurant did not have such policies in place.

20. Admitted; Defendants agree to compensate Plaintiff for the vacation pay he has earned.

21. It is admitted that A New Century Restaurant furloughed Plaintiff in March, 2020, as the result of the pandemic and orders from Governor Wolf and the Pennsylvania Department of Health requiring restaurants to close temporarily.

3

22. Denied as stated. It was Plaintiff's decision to not return to his employment after restrictions applicable to restaurants were lifted. Plaintiff's brother and co-Plaintiff Joel Barba did, in fact, return to his employment in July, 2020.

23. Denied; by way of further response, the averments of paragraph #22 of Defendants' Answer are incorporated herein.

24. Denied as stated; by way of further response, the averments of paragraphs #14-16 of Defendants' Answer are incorporated herein. As a salaried managerial employee, Plaintiff was not entitled to the payment of overtime hours during the term of his employment with A New Century Restaurant.

25. The averments of paragraph #20 of Defendants' Answer are incorporated herein.

### B. PLAINTIFF, JOEL BARBA

26. Denied as stated; Plaintiff became an employee of A New Century Restaurant in January, 2018 as Kitchen Manager/Kitchen Chef. Plaintiff's brother and co-Plaintiff Lusito, and Plaintiff Joel Barba were essentially #1 and #1A in Defendants' kitchen.

27. Admitted.

28-30. Denied; by way of further response, Joel Barba was a salaried employee at a salary of $36,000.00/year plus the value of food and lodging provided for him by A New Century Restaurant. He was interviewed by Defendant Zheng, and was hired on the same terms as his brother and co-Plaintiff Lusito. He was advised that as a management employee, he would be

expected to work up to 12 hours/day with a one (1) hour break, six (6) days a week. Plaintiff accepted employment upon those terms, and was hired in January, 2018.

Plaintiff requested that he be paid in cash for the years 2018 and 2019 because he did not want to declare that income on his taxes, and accordingly, he did not receive a W-2 form for those years. Similarly, Plaintiff's brother and co-Plaintiff Luisito Barba requested that he be paid in cash and not be provided a W-2 form in 2016 because he was still collecting unemployment benefits from his former employer. In 2020, after Plaintiff did not receive unemployment compensation after his furlough, he at that time requested that Defendants provide him with a W-2 for his full income for that year, and Defendants did so.

31. Denied.

32. It is admitted that A New Century Restaurant did not have such policies in place.

33. Admitted; Defendants agree to compensate Plaintiff for the vacation pay he has earned.

34. Admitted.

35. Denied as stated; by way of further response, the averments of paragraphs #26-30 of Defendants' Answer are incorporated herein. As a salaried managerial employee, Plaintiff was not entitled to the payment of overtime hours during the term of his employment with A New Century Restaurant.

36. The averments of paragraph #33 of Defendants' Answer are incorporated herein.

5

37. Defendants lack knowledge or information sufficient to form a belief as to Plaintiffs' counsel's motivation in filing suit in state and/or federal court. By way of further response, the remainder of Plaintiffs' allegations set forth legal conclusions to which no response is required.

## COUNT I

38. The averments of paragraph #38 are an incorporation of the preceding averments of Plaintiffs' Amended Complaint, to which no response is required.

39-43. The averments of paragraphs #39-43 of Plaintiffs' Amended Complaint set forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny said allegations.

## COUNT II
### FAILURE TO PAY OVERTIME AND BASE RATE
### IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

44. The averments of paragraph #44 are an incorporation of the preceding averments of Plaintiffs' Amended Complaint, to which no response is required.

45-48. The averments of paragraphs #45-48 of Plaintiffs' Amended Complaint set forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny said allegations.

49. Admitted.

50-52. Denied as stated. By way of further response, the averments of paragraphs #14-18, #24, #26-31, and #35 of Defendants' Answer are incorporated herein.

53. Denied; strict proof is demanded at time of trial.

## COUNT III
### FAILURE TO PAY OVERTIME AND BASE RATE IN VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT

54. The averments of paragraph #54 are an incorporation of the preceding averments of Plaintiffs' Amended Complaint, to which no response is required.

55-57. The averments of paragraphs #55-57 of Plaintiffs' Amended Complaint set forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny said averments.

58. Admitted.

59-61. Denied as stated. By way of further response, the averments of paragraphs #14-18, #24, #26-31, and #35 of Defendants' Answer are incorporated herein.

62. Denied; strict proof is demanded at time of trial.

## COUNT IV
### WPCL VIOLATION

63. The averments of paragraph #63 are an incorporation of the preceding averments of Plaintiffs' Complaint, to which no response is required.

64-74. The averments of paragraphs #64-74 of Plaintiff's Amended Complaint set forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny said averments.

75-78. In answer to the averments of paragraphs #75-78, Defendants incorporate the averments of paragraphs #20 and #33 of their Answer.

79. The averments of paragraph #79 set forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny said averments.

80. Denied; strict proof is demanded at time of trial.

## AFFIRMATIVE DEFENSES

Defendants plead the following affirmative defenses as applicable to the claims asserted by Plaintiffs, dependent upon the results of further investigation and discovery:

1. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

2. Some or all of Plaintiffs' claims fail to state a claim upon which relief can be granted.

3. Defendants assert all set-offs, exceptions, exemptions, and time limitations which arise from the evidence and which are applicable to the claims brought by Plaintiffs.

4. Plaintiffs' claims fail to the extent they fall within one or more of the statutory exemptions to the overtime provisions of the FLSA.

5. The three (3) year statutory limitations period in 29 U.S.C. section 255(a) is not applicable because any violation of the FLSA, which Defendants deny occurred, was not willful. Plaintiffs' claims are limited by the applicable two (2) year statutory limitations period.

6. Liquidated damages are not available because, at all times relevant to this action, Defendants acted in good faith and had reasonable grounds for believing they did not violate the provisions of the FLSA.

7.  Any claims for overtime compensation and liquidated damages are barred and/or subject to offset by all wages already paid or other compensation provided.

8.  Plaintiffs have received all compensation due and owing in accordance with applicable law.

9.  Any claims for recovery of overtime compensation and liquidated damages are barred for hours worked by Plaintiffs in accordance with the terms of their employment agreements with Defendants as salaried management employees.

10. Plaintiffs are not entitled to recover damages from Defendant Zheng because Defendant Zheng was never Plaintiffs' employer.

11. Any claimed damages are limited by applicable law, including the United States Constitution, the Fair Labor Standards Act, and the Pennsylvania Minimum Wage Act.

12. Plaintiffs' claims are barred by the doctrine of unclean hands.

13. Plaintiffs' claims are barred by the doctrine of laches.

14. Plaintiffs' claims are barred by fraud.

15. Defendants reserve the right to assert additional defenses as may arise during the course of this litigation.

WHEREFORE, Defendants respectfully request that this Honorable Court enter judgment in their favor, award them costs and reasonable attorneys' fees, and dismiss Plaintiffs' First Amended Complaint with prejudice.

Respectfully submitted,

By: _____

Joseph R. Bock, Esq.
PA I.D. #35729
1547 Alaqua Drive
Sewickley, PA 15143
(724) 934-9300
josephrbock@gmail.com
Attorney for Defendants
New Century Chinese Buffet, Inc., A New Century Chinese Restaurant, Inc., Xiu Lan Xiao, and Frank Zheng