IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LUISITO BARBA and JOEL BARBA
    Plaintiffs,

v.

NEW CENTURY CHINESE BUFFET,
INC., A NEW CENTURY CHINESE
RESTAURANT, INC., XIU LAN XIAO,
and FRANK ZHENG, jointly and
severally

    Defendants.

Civil Action No. 2:20-cv-01557-MRH

## FED. R. CIV. P. 26(f) REPORT OF THE PARTIES

Luisito Barba and Joel Barba (" Plaintiffs") and New Century Chinese Buffet, Inc., A New Century Chinese Restaurant, Inc., Xiu Lan Xiao, and Frank Zheng, ("Defendants"), through their respective counsel, submit this Rule 26(f) Report in accordance with Rule 26(f) of the Federal Rules of Civil Procedure and this Court 's May 5, 2021 Initial Case Management Order (ECF No. 13):

**1.**    **Identification of counsel:**

Counsel for Plaintiffs:

  Joshua P. Ward

J.P. Ward & Associates, LLC
The Rubicon Building
201 South Highland Ave., Suite 201
Pittsburgh, PA 15206
Tel: (412) 545-3015
Email: jward@ipward.com

*Counsel for Plaintiffs*

Counsel for Defendants:

  Joseph R. Bock

1547 Alaqua Drive
Sewickley, PA 15143
Tel: (724) 934-9300
Email: josephrbock@gmail.com

*Counsel for Defendants*

2. **Set forth the general nature of the case:**
   Plaintiffs are former employees of defendants. Plaintiffs contend that they worked a substantial number of overtime-eligible hours and were unlawfully denied any and all overtime wages by Defendants. Plaintiffs assert that they were not exempt from overtime compensation as they had no executive authority in their positions. Additionally, Plaintiffs were never paid their promised vacation pay.

   Defendants contend that Plaintiffs were hired at an annual salary of $36,000.00, plus the value of food and lodging provided for them by Defendants. They were hired as management employees, in the positions of Head Kitchen Chef and Kitchen Manager/Kitchen Chef. As such, they were expected to work *up to* 12 hours/day with a 1-hour break, 6 days/week, and they were hired upon those terms in March 2016, and January 2018, respectively.

3. **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**
   The Rule 26(f) conference was held telephonically on May 21, 2021. Joshua P. Ward participated on behalf of Plaintiff. Joseph R. Bock participated on behalf of Defendants.

4. **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:**

   The Rule 16 Conference has not yet been scheduled by the Court.

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

   Plaintiffs do not anticipate filing a dispositive motion.

   Defendants do not anticipate filing a dispositive motion.

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected,** *if* **any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**
   The parties have agreed to mediation with Attorney Neal Brendel, as set forth in the ADR Stipulation filed contemporaneously with this Rule 26(f) Report of the Parties. The parties are finalizing a date for mediation and will submit an updated ADR Stipulation upon finalization of a date and time for said session.

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

None.

**8. Subjects on which fact discovery may be needed:**

Fact discovery may be needed regarding facts alleged in Plaintiffs Complaint, including but not limited to the facts and circumstances surrounding:

- Plaintiffs' employment with Defendants;
- Plaintiffs' hours worked for Defendants;
- Defendant's timekeeping mechanisms are required by State and Federal labor laws;
- Plaintiffs compensation for hours worked.

**9. Set forth suggested dates for the following:**

**a. Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:**

June 14, 2021.

**b. Date by which any additional parties shall be joined:**

August 29, 2021

**c. Date by which the pleadings shall be amended:**

September 29, 2021

**d. Date by which fact discovery should be completed:**

November 26, 2021

**e. If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:**

At this time, the parties do not anticipate needing limitations or phases of discovery.

**f. Date by which plaintiff's expert reports should be filed:**

The parties propose a status conference at the close of fact discovery to determine, if necessary, dates for expert discovery and expert reports.

**g. Date by which depositions of plaintiff's expert(s) should be completed:**

The parties propose a status conference at the close of fact discovery to determine, if necessary, dates for expert discovery and expert reports.

**h.   Date by which defendant's expert reports should be filed:**

The parties propose a status conference at the close of fact discovery to determine, if necessary, dates for expert discovery and expert reports.

**i.   Date by which depositions of defendant's expert(s) should be completed:**

The parties propose a status conference at the close of fact discovery to determine, if necessary, dates for expert discovery and expert reports.

**j.   Date by which third party expert's reports should be filed:**

Not applicable.

**k.   Date by which depositions of third party's expert(s) should be completed:**

Not applicable.

**10.** **If the parties agree that changes should be made to the limitations on discovery imposed by the Local Rules or the Federal Rules of Civil Procedure or that any other limitations should be imposed on discovery, set forth such changes or limitations:**

At this time, the parties do not anticipate any change to the limitations on discovery imposed by the Federal Rules of Civil Procedure or by Local Rule.

**11.** **Please answer the following questions in regard to the discovery of electronically stored information ("ESI"):**

**a.   ESI. Is either party seeking the discovery of ESI in this case?**

To the extent that ESI exists in this matter, it is anticipated that the parties may seek such information.

**b.   ESI Discovery Plan: The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information set forth in "Appendix LCvR 26.2 C-CHECKLIST" to the Local Rules and:**

The parties have agreed that, in light of the facts and issues in this case, there is no need to complete an ESI discovery plan. The parties will conduct ESI discovery by the close of fact discovery. No metadata will be produced absent a showing of need by the requesting party.

c.  **Preservation. Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI?**

  The parties will preserve ESI and/or otherwise avoid spoliation of evidence, consistent with normal litigation practices.

d.  **ADR. Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution ("ADR") in this case?**

  ESI may be contained in the parties Rule 26 disclosures or may be produced in the normal course of fact discovery, but at this time the parties do not anticipate any special or unusual ESI needs prior to conducting meaningful ADR in this case.

e.  **Clawback Agreement. The parties have reviewed F.R.C.P. 26(b)(5), F.R.E. 502 and LCvR 16.lD, Procedures Following Inadvertent Disclosure, and:**

  Request that the Court enter an Order implementing Federal Rule of Evidence 502(d) such as the model Order set forth in "Appendix LCvR 16.1.D" to the Local Rules.

f.  **EDSM and E-Mediator. Does any party believe that the appointment of an E-Discovery Special Master ("EDSM") or E-Mediator would help resolve ESI discovery issues in this case?**

  At this time, the parties do not anticipate a need for such appointment.

g.  **Other. Identify all outstanding disputes concerning any ESI issues.**

  The parties do not have any outstanding disputes concerning ESI and do not contemplate unusual ESI issues. All parties respectfully reserve the right to raise issues in the future with the Court should such issues arise.

12. **Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery:**

  Yes. The parties have elected to schedule the Post-Discovery Status Conference following the completion of fact discovery.

  **The parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following:**

  a.  **Settlement and/or transfer to an ADR procedure;**

  b.  **Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference;**

      **c.**      **Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;**

      **d.**      **Dates by which parties' pre-trial statements should be filed;**

      **e.**      **Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;**

      **f.**      **Dates on which motions *in limine* and *Daubert* motions shall be heard;**

      **g.**      **Dates proposed for final pre-trial conference;**

      **h.**      **Presumptive and final trial dates.**

**13.** **Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):**

At this time, the parties do not request the Court enter any additional orders. To the extent necessary, the parties may request entry of a confidentiality order should the need arise. Plaintiff is open to a confidentiality and protective order to readily facilitate the production of relevant ESL

**14.** **Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:**

At this time, the parties do not anticipate a need for a special master.

15.      If **the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement bas not been reached:**

No. The parties have no such disagreement.

**16.** **Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:**

The parties participated in an unsuccessful mediation at the administrative level. Since the inception of litigation, the parties have not discussed the possibility of settlement.

Dated: May 24, 2021

Respectfully submitted,

| | |
|---|---|
| /s/ Joshua P. Ward, Esquire | /s/ Joseph R. Brock, Esquire |
| Counsel for Plaintiffs | Counsel for Defendants |
| Pa I.D. No. 320347 | Pa I.D. No. 35729 |
| J.P. Ward & Associates, LLC. | 100 VIP Drive |
| The Rubicon Building | Suite 210 |
| 201 S. Highland Avenue, Suite 201 | Wexford, PA 15090 |
| Pittsburgh, PA 15206 | PH – 724-934-9300 |
| PH - 412-545-3015 | josephrbock@gmail.com |
| jward@jpward.com | |